JONES, Justice:
Appellant was convicted of manslaughter in the Circuit Court of Lee County and sentenced to a term of fifteen years in the State Penitentiary. We reverse.
On March 13, 1970, at approximately 10:00 or 10:30 p. m., the appellant, a passenger in a car driven and owned by Eugene Cromeans, arrived at or near the home of Elbert Franks, the deceased. We are not here undertaking to give all the facts in the case since it will have to be tried again. However, the case of Cromeans v. State, 261 So.2d 453 (Miss.1972) is a companion case.
At or near the home of Elbert Franks a conflict arose in which Mrs. Franks, Mr. Franks, Eugene Cromeans and appellant were involved.
The evidence is conflicting and the witnesses for the State were mostly Franks’ kin and for defendant, his relatives. At any rate, Elbert Franks was beaten and otherwise abused until he died. Gene Cro-means was a material witness for appellant.
There are two or three assignments of error, but the only one meriting any discussion is :
The Court erred in overruling the Defendant’s motion for a mistrial on the ground that in his closing argument the County Attorney referred to the jury not buying the testimony of the Defendant’s witness (Cromeans) in a previous trial wherein Cromeans was convicted of murder.
Under this assignment, it is shown that appellant and Cromeans were jointly indicted for the murder of Franks, a severance was granted, and Cromeans was tried first and convicted.
During the argument for the State, one of the prosecutors said:
And that is the same story that they told when Cromeans got convicted of murder and that jury didn’t buy it because it is illogical.
BY MR. BILLY SHELTON: If the Court please, I want to object to Mr. Long referring to something in another case as to what the jury bought or didn’t because he don’t know what caused the jury to decide like they did.
BY JUDGE WICKER: The objection will be sustained and the jury will disregard the statement about the other trial.
When the final arguments were completed, the Judge and the attorneys went into a conference in which it was stated:
BY JUDGE WICKER: All right, close the door and don’t let anybody in *701 or out until we have taken care of a matter here. During his argument to the jury the County Attorney referred to the outcome of the trial in the case of The State vs Eugene Cromeans, a companion case to this one, both defendants having been charged in the death of Elbert Franks. Mr. Shelton, attorney for the defendant, Jimmy Clippard, objected and the objection was sustained and the jury was directed to disregard the remarks relative to the outcome of the other trial. At the close of the argument of the County Prosecuting Attorney, Mr. Shelton approached the bench and told the Court that he wished to make a motion for a new trial based on the statement in the argument of the County Attorney. The Court advised Mr. Shelton that the right would be reserved for him to make such motion at the close of all of the arguments of counsel; so, Mr. Shelton, you may make that motion at this time, if you so desire.
BY MR. BILLY SHELTON: Comes now the defendant and moves the Court for a mistrial and as grounds therefor would show that in the closing argument of the County Attorney the County Attorney referred to the conviction of one, Eugene Cromeans, who was tried in this court at a time prior to this trial and made reference to certain evidence that was given in this trial by making the statement that the jury in that trial would not buy this evidence either, referring to the said Eugene Cromeans trial. That the trial at bar, State vs Jimmy Clippard, is a companion case wherein the said Jimmy Clippard and Eugene Cromeans were indicted for the murder of, for one, Elbert Franks and both defendants charged with murder and both indicted by the same Grand Jury on the charge of murder.
The motion was denied. With the sharply conflicting evidence in the case, the prosecuting attorney should not have made the statement. Strong v. State, 199 Miss. 17, 23 So.2d 750 (1945), is different from the instant case in that the present question was injected by the State. See Berry v. State, 22 So. 826 (Miss.1897); Blackwell v. State, 166 Miss. 524, 146 So. 628 (1933).
The case is reversed and remanded.
Reversed and remanded.
GILLESPIE, C. J., and SMITH, SUGG and BROOM, JJ., concur.